**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VISHAL SINGH,<br><br>Petitioner,<br><br>v.<br><br>CHRIS GANTT, WARDEN CIMARRON CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1903-J |

**ORDER**

Petitioner Vishal Singh, an Indian citizen, entered the United States in March 2022. In May 2022, the Department of Homeland Security placed him into removal proceedings and released him. However, in June 2026, Immigration and Customs Enforcement (ICE) re-detained Petitioner. He has now filed a Petition for Writ of Habeas Corpus challenging that detention under the Immigration and Nationality Act (INA) and the Fifth Amendment's Due Process Clause and seeking release or, in the alternative, a bond hearing. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell issued a Nunc Pro Tunc Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within ten days or otherwise release him. (Rep. & Rec.) [Doc. No. 13]. Both Petitioner and Respondents filed timely objections, [Doc. Nos. 14-15], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

In relevant part, Judge Mitchell concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, his continued detention without a bond hearing violates the INA. *See* Rep. & Rec. at 4-7. Petitioner does not object to the determination that § 1226(a) applies but

argues that the proper remedy is release. [Doc. No. 14]. He also complains that Judge Mitchell should have placed the burden on the Government at the bond hearing. *See id.* Respondents object to the § 1226(a) classification but acknowledge that *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) applies. [Doc. No. 15].

In *Quiroz*, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Accordingly, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA. Petitioner is not entitled to immediate release. *See Skrypnyk v. Gantt*, No. CIV-26-808-J, 2026 WL 3027160, at *2 (W.D. Okla. Oct. 8, 2026) ("Because § 1226(a) governs, the Court concludes the proper remedy is not immediate release, but a bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

Additionally, the Court finds that the issue of burden shifting is premature and not fit for adjudication at this stage. *See Saidi v. Lyons*, No. CIV-26-738-J, 2026 WL 1333410, at *1 (W.D. Okla. May 13, 2026) (collecting cases). Thus, the Court declines to issue an advisory opinion instructing application of a particular burden of proof.

For the reasons above, the Nunc Pro Tunc Report and Recommendation [Doc. No. 13] is ADOPTED[1] and Petitioner's Petition is GRANTED IN PART in so far as it alleges Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within ten days of the date of this Order, or release Petitioner if no

---

[1] Judge Mitchell's initial Report and Recommendation [Doc. No. 12] is deemed MOOT.

hearing occurs within that period. Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 14th day of October, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE